UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES A. IRBY,

               Petitioner,                            Civil No. 06-1690-HA
                                                          AMENDED
       v.                                   OPINION AND ORDER

CHARLES DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

               Respondent.

_____

HAGGERTY, Chief Judge:

On December 3, 2007, this court issued an Opinion and Order explaining why the

petition for a writ of habeas corpus [2] in this action must be denied. For purposes of clarifying

the applicable analysis to one of the challenges raised in the petition, this amended Opinion and

Order is now issued. The vacated Opinion's conclusions, and the subsequent Judgment issued on

December 5, 2007, remain unchanged.

1 - AMENDED OPINION AND ORDER

On November 21, 2006, petitioner filed a petition for a writ of habeas corpus [2] pursuant to 28 U.S.C. § 2241. He invokes this court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(4). Petitioner is a federal prisoner incarcerated by the Bureau of Prisons (BOP) at the Federal Correctional Institution in Sheridan, Oregon (FCI-Sheridan).

Petitioner alleges that the BOP wrongfully delayed performing its duty to process his request to be placed in the BOP's Drug and Alcohol Treatment Program (DAP). As a remedy for this alleged wrong, petitioner requests that if he completes the first two phases of DAP, this court should order the BOP "to reduce the petitioner[']s term of imprisonment by one (1) year" in accordance with a request made by petitioner's sentencing judge. Pet. at 5. Petitioner also requests that the collection of restitution from him be waived for the remainder of petitioner's period of confinement.

In its Response to Habeas Petition [6], which this court construes as a motion for dismissal, respondent argues that the petition should be denied on grounds that petitioner has failed to present a cognizable claim alleging a violation of his constitutional or statutory rights relating to the length, nature or condition of his confinement. Respondent also argues that petitioner was properly found ineligible for any sentence reduction. The Response is silent as to petitioner's claim regarding BOP's collections efforts under the BOP's Inmate Financial Responsibility Program (IFRP).

**<u>BACKGROUND</u>**

The parties present only one significant factual dispute. Petitioner was sentenced on July 18, 2006, to thirty-six months imprisonment after being convicted of mail fraud. At sentencing, the court made the following recommendation:

2 - AMENDED OPINION AND ORDER

> The Court recommends the defendant be confined at FCI Sheridan,
> Oregon, and strongly recommends the defendant participate in the
> Bureau of Prisons' DAP program.  In the event defendant's record
> disqualifies him from receiving a credit of 12 months reduction in
> sentence, the Court requests the Bureau of Prisons make an
> exception and grant the defendant the reduction upon successful
> completion of the DAP program.

Reply at 2 (quoting Sentencing Judgment).

Petitioner alleges that after he arrived at FCI-Sheridan he made numerous written requests for a DAP eligibility determination. *Id*. at 3.  Respondent represents that petitioner was found eligible for DAP on October 23, 2006.  Resp. at 3.  However, the documentation submitted in support of respondent's Response indicates that petitioner's DAP eligibility was determined on December 11, 2006. *See* Ex.1 to Response.  Petitioner asserts that his DAP eligibility determination was not made until December 11, 2006.  Reply at 3.

Petitioner argues that his DAP eligibility determination was unlawfully delayed, and that this court should fashion an equitable remedy that places petitioner in the position he would have been had BOP "followed the statute."  Reply at 4.  Respondent asserts that petitioner has not been deprived of any constitutional or statutory rights.

The United States Code directs the BOP to provide substance abuse treatment to prisoners who have a "treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b).  Relatedly, Congress made sentence reductions available to certain prisoners who completed the substance abuse treatment programs.  18 U.S.C. § 3621(e)(2)(B).  The reduction provided by § 3621(e) is recognized as a tangible, significant incentive to prisoners to complete a drug abuse program. *Cort v. Crabtree*, 113 F.3d 1081, 1085 (9th Cir. 1997).  An inmate who knows, prior

to enrollment, that he or she is eligible for a sentence reduction is more likely to enroll and complete the program, thereby creating a more effective use of the program. *Id*.

"BOP rules require an eligibility determination to be made when a prisoner requests admission into DAP, and there are no restrictions on when that request can be made." *Wade v. Daniels*, 373 F. Supp. 2d 1201, 1202 (D. Or. 2005). As is discussed below, the BOP retains discretion as to whether to grant a reduction in an enrollee's sentence upon completion of the program, but such discretion is irrelevant to the determination of *eligibility* for the reduction upon the request of the inmate for placement into DAP. *See Cort*, 113 F.3d at 1084-85. To that extent, respondent's contention that petitioner has failed to present a cognizable eligibility claim is without merit. "A prisoner's right to *consideration* for early release is a valuable one that we have not hesitated to protect." *Id*. at 1085 (citation omitted) (emphasis in original).

Assuming that petitioner began requesting that the BOP determine his DAP eligibility soon after he started serving his sentence, approximately four months passed before the BOP – perhaps prodded by petitioner's lawsuit – determined that petitioner is eligible for DAP. This court remains concerned about prisoners' rights as recognized under *Cort* being impaired because of inadequately justified delays in making DAP eligibility determinations. *See Dumlao v. Daniels*, 471 F. Supp. 2d 1099, 1100-01 (D. Or. 2007) (finding that petitioner alleged a cognizable claim when the BOP wrongfully delayed in determining his eligibility for placement in DAP), *vacated on other grounds by* 481 F. Supp. 2d 1153 (D. Or. 2007) . Accordingly, petitioner's claim that he is entitled to a timely eligibility determination is valid.

Notwithstanding the validity of prisoners' claim alleging an unjustified delay in the BOP's DAP eligibility determination, petitioner's specific request for equitable relief is rejected.

4 - AMENDED OPINION AND ORDER

Although counsel for petitioner requests an equitable remedy that places petitioner in the position he would have been had BOP "followed the statute," Reply at 4, the true focus of this petition is whether petitioner should be awarded a twelve-month reduction in his sentence. As petitioner repeatedly references, such a sentence reduction would be in accordance with the request made by the sentencing court.

There is no dispute that petitioner has been found eligible to participate in DAP and is likely to have the opportunity to complete at least the first phase of DAP, a 500-hour residential treatment program before his projected good-time release date in December 2008. Nevertheless, BOP's determination that petitioner is disqualified from a sentence reduction under the applicable statutes, despite the sentencing court's request, was proper.

Congress has directed the BOP to provide substance abuse treatment to prisoners who have a "treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for prisoners to seek treatment, sentence reductions are available to some prisoners who completed the substance abuse treatment programs. 18 § 3621(e)(2)(B). Congress mandated that only nonviolent offenders are eligible for a sentence reduction, and that the sentence reduction may not exceed one year. *Id.*

To implement § 3621, the BOP promulgated regulation 28 C.F.R. § 550.58 and Program Statement 5162.04, which set forth the eligibility for the early-release incentive. Section 550.58 provides in relevant part:

> (a) Additional early release criteria.

> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:

5 - AMENDED OPINION AND ORDER

* * *

(iv) Inmates who have a prior felony or
misdemeanor conviction for homicide, forcible
rape, robbery, or aggravated assault, or child sexual
abuse offenses;

Similarly, Section 6.1.1 of Program Statement 5330.10, entitled "EARLY RELEASE

QUALIFICATIONS," denies eligibility for early release to those inmates who have a prior

felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or

child sexual abuse offenses.  Section 6.1.1(a)(1)(iv); *see also Sisneros v. Anderson*, 2007 WL

3512647, at *1 (D. Minn. November 14, 2007) (quoting BOP Program Statement 5330.10).

There is a significant difference between a prisoner's right to have DAP eligibility

determined, which is a right protected by courts, and a prisoner's desire to obtain a discretionary

sentence reduction available under 18 U.S.C. § 3621(e)(2)(B), which is not construed as a liberty

interest.  The BOP enjoys "broad discretion to deny sentence reductions," even to inmates who

successfully complete the first stages of DAP.  *Rublee v. Fleming*, 160 F.3d 213, 216 (5th Cir.

1998).  However, prisoners are entitled to judicial review of whether the BOP's regulations or

their applications were arbitrary and capricious or otherwise an abuse of discretion .  *See id*. at

215-16; *see also  Lopez v. Davis*, 531 U.S. 230, 240 (2001).

Therefore, where the BOP has made a determination about a prisoner's entitlement to a

DAP sentence reduction, the court "must uphold the BOP's action unless it is 'arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law.'"  *Joseph v. Boldt*,

2007 WL 1101257, at *3 (D. Or., April 11, 2007) (quoting 5 U.S.C. § 706(2)(a) and citing *Pac.*

*Coast Fed'n of Fishermen's Ass'ns. v. U.S. Bureau of Reclamation*, 426 F.3d 1082, 1090 (9th Cir.

2005)).  The BOP need only articulate a rational connection between the facts found and the conclusions reached, and its internal agency guidelines are entitled to some deference.  *Id.*

Petitioner was found ineligible for a sentence reduction that is otherwise authorized by 18 U.S.C. § 3621(e)(B)(2) because he has a prior conviction for rape.  There is no dispute presented challenging whether a rape conviction is a violent offense that, under applicable Program Statements, excludes petitioner from entitlement to a sentence reduction under DAP.  *See* Ex. 2 to Resp.

Instead, petitioner relies upon the sentencing court's non-binding request for the BOP to recognize an "exception" in this case to allow a DAP-related sentence reduction, and also the fact that petitioner – now over fifty years old – was seventeen years old when he committed rape, as grounds for ordering the BOP to reduce petitioner's sentence.  Petitioner fails to establish a due process violation.  "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).

While the BOP is vested with broad discretionary authority under 18 U.S.C. § 3621(e) to reduce the sentence of a prisoner convicted of a nonviolent offense, that section does not create a due process liberty interest in the sentence reduction.  *See Jacks v. Crabtree*, 114 F.3d 983, 986 n.4 (9th Cir. 1997) (denial of sentence reduction merely means that the inmate will have to serve out his or her sentence as expected).

There is no constitutionally protected right of a convicted person to early release under § 3621(e).  A petitioner who has been denied a sentence reduction pursuant to § 3621 is not entitled to habeas relief unless the petitioner's crime was improperly categorized, or the BOP's

regulations implementing § 3621's requirements are applied retroactively to a petitioner who

entered a drug treatment program in reliance on the prior regulations. *See, e.g. Dowling v.*

*Crabtree*, 58 F. Supp. 2d 1172, 1173 (D. Or. 1999).

> As a federal court eloquently stated in the context of a
> similar case, even if Petitioner had been "eligible" for early release
> notwithstanding his prior convictions for robbery and his current
> conviction for being a felon in possession of a firearm, "eligibility
> is not entitlement." *LaSorsa v. Spears*, 2 F. Supp.2d 550, 554
> (S.D.N.Y. 1998), quoting *Bush v. Pitzer*, 133 F.3d 455, 457 (7th
> Cir. 1997).

*Walton v. Booker*, 2006 WL 2374843, at *3 (D. Ariz. August 16, 2006).

As noted above, the BOP has identified explicitly the prior convictions that disqualify an

inmate for early release: a prior felony or misdemeanor conviction for homicide, forcible rape,

robbery, or aggravated assault, or child sexual abuse offenses. *See Sisneros*, 2007 WL 3512647,

at *1 (quoting BOP Program Statement 5330.10). This court finds that the BOP's determination

that petitioner is disqualified from the early release incentive available under 18 U.S.C. §

3621(e)(b)(2) because of his pre-conviction conduct (a rape conviction) was neither arbitrary nor

capricious. The request by the sentencing court for the BOP to fashion an "exception" for this

prisoner fails to alter this conclusion. Petitioner's desire to implement a "staleness" or virtual

"statute of limitations" component to the BOP's consideration of pre-conviction conduct when

determining sentence reduction eligibility is similarly unavailing.

Finally, this court addresses petitioner's claim regarding BOP's collections efforts under

the IFRP. Petitioner asserted initially that the BOP "lacks the legal authority to set a restitution

schedule for the period of his incarceration." Pet. at 12. Petitioner requests that the collection of

restitution be waived so that he can participate in the 500-hour DAP program. *Id*.

8 - AMENDED OPINION AND ORDER

Although respondent neglected to address this claim directly, counsel represented that petitioner is eligible for DAP and that his participation was pending only availability in the program. This representation moots petitioner's claim insofar as the relief requested (access to the DAP residential treatment) has been promised.

Petitioner presents a further argument in his Reply, asserting that the BOP's collections efforts under the IFRP are unauthorized and that "[a] judgment should be entered accordingly." Reply at 8.

Petitioner relies upon this court's decision granting habeas corpus relief in *Soroka v. Daniels*, 467 F. Supp. 2d 1097 (D. Or. 2006). In that case, a sentencing court's unlawful delegation of the authority to set a schedule for making restitution payments during incarceration to the BOP was corrected. Here, neither party in this action has established whether petitioner's sentencing court set his restitution payment schedule or whether the court unlawfully delegated that authority to the BOP. The bare assertion by petitioner's counsel that petitioner's "judgment appears to raise the identical issues resolved in favor of the petitioner in *Soroko* [sic]" is insufficient to establish that petitioner has presented an actionable claim regarding his restitution payments. Nevertheless, this court has provided explicit guidance regarding this issue:

> where the sentencing court did not set a schedule for restitution during petitioner's incarceration period, the BOP is not authorized to collect restitution payments from petitioner until, and unless, the sentencing court amends its restitution order. Accordingly, the BOP's action in doing so is not in accordance with law and must be discontinued. *See* 5 U.S.C. § 706(2)(a) (agency actions will be upheld unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.").

*Jones v. Daniels*, 2007 WL 1959278, at *2 (D. Or. July 2, 2007).

9 - AMENDED OPINION AND ORDER

Petitioner's claim regarding restitution payments is denied without prejudice, and with leave to renew upon a substantive showing that the BOP's actions fail to comply with or are inconsistent with the instructions provided in the *Jones* and *Soroka* decisions.

## CONCLUSION

This court concludes that the BOP properly deemed petitioner ineligible for a discretionary sentence reduction under 18 U.S.C. § 3621(e)(2)(B). Even if petitioner established that a determination of his eligibility for DAP was unjustifiably delayed, the relief petitioner requests is unavailable. Similarly, petitioner's IFRP claim is insufficiently presented and appears moot. Petitioner's claim regarding restitution is denied without prejudice, and with leave to renew upon an appropriate substantive showing. Petitioner's petition for a writ of habeas corpus [2] is DENIED; the Response to Habeas Petition [6], which this court construes as a motion for dismissal, is GRANTED.

IT IS SO ORDERED.

DATED this __6__ day of December, 2007.

_____/s/ Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Judge